OPINION
Appellant Kenneth Fosdick appeals the decision of the Licking County Court of Common Pleas that found him to be a "sexual predator" as defined in R.C. 2950.01(E). The following facts give rise to this appeal. The Licking County Grand Jury indicted appellant, on August 19, 1987, for four counts of rape. On December 1, 1987, appellant pled guilty to Count Four of the indictment. The trial court dismissed the remaining counts due to insufficient evidence. The trial court sentenced appellant to a term of five to twenty-five years. The trial court released appellant, on parole, in October 1994. However, in August 1995, the trial court revoked appellant's parole and reimposed appellant's prison sentence. After his return to prison, on July 16, 1999, the trial court conducted a hearing pursuant to R.C. Chapter 2950. On July 26, 1999, the trial court filed its judgment entry finding appellant to be a "sexual predator." Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration.
I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN DETERMINING FOSDICK TO BE A SEXUAL PREDATOR.(SIC) IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY ART. I, §§ (SIC) 1, 2, 16 AND ART. II, § 28, OHIO CONSTITUTION; AND ART. I, § 10, AND THE 5TH AND 14TH AMENDMENTS, U.S. CONSTITUTION.
II. FOSDICK WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS A DIRECT RESULT OF THE CIRCUMSTANCES SURROUNDING THE HEARING OF JULY 16, 1999. THE RESULTING PREJUDICE IS EVIDENCED BY THE RESULTS OF THE HEARING. HAD COUNSEL BEEN ABLE TO OPERATE WITHIN THE DUE PROCESS PROVIDED BY RC (SIC) § 2950.09(B)(1), THE RESULTS COULD HAVE BEEN DIFFERENT.
III. RC (SIC) § 2950(C) (SIC) VIOLATES FOSDICK'S CONSTITUTIONALLY PROTECTED RIGHTS AS GUARANTEED BY ART. I, § 1, OHIO CONSTITUTION;5TH AND 14TH AMENDMENTS, U.S. CONSTITUTION.
 I
In his First Assignment of Error, appellant contends the trial court abused its discretion when it found him to be a "sexual predator." We disagree. Appellant makes five arguments in support of this assignment of error. First, appellant contends that the trial court's judgment entry classifying him as a "sexual predator" fails to specify that the determination was made pursuant to division (C) of R.C. 2950.09. A review of the trial court's judgment entry, issued on July 26, 1999, indicates the trial court failed to specify that the sexual predator determination was made pursuant to division (C) of R.C. 2950.09. The state maintains the trial court made the sexual predator determination pursuant to R.C. 2950.09(C)(2)(b)(v). This section of the statute provides, in pertinent part: (v) If the hearing is to determine whether the offender is a sexual predator, and if the court determines by clear and convincing evidence that the offender is a sexual predator, it shall * * * specify that the determination was pursuant to division (C) of this section, * * *.
The General Assembly's use of the word "shall" required the trial court to specify that the determination was made pursuant to section (C) of the statute. We therefore remand this matter, to the trial court, for the court to correct its judgment entry issued on July 26, 1999, to indicate that its determination that appellant is a "sexual predator" was made pursuant to division (C) of R.C. 2950.09. As this appears to be a clerical error, we will address the remaining arguments contained in appellant's brief. In his second argument, in support of this assignment of error, appellant contends the trial court violated his due process rights because he did not receive reasonable notice of the date scheduled for his sexual predator hearing. The record indicates that on June 29, 1999, the trial court notified counsel, for the state and appellant, that it intended to conduct a sexual predator hearing on July 16, 1999. Although appellant claims he did not have sufficient time to prepare for this hearing, the record indicates appellant never requested a continuance of the hearing. Also, appellant fails to set forth what other evidence he would have presented had the trial court continued the sexual predator hearing. The third issue appellant raises, in his First Assignment of Error, is that the trial court erred in making a sexual predator determination based solely upon exhibits contained in the record. Appellant claims the only evidence the trial court reviewed, prior to making the sexual predator determination, consisted of his conviction, reports of his treatment group while on parole, and the release report from the Polaris Program. Appellant points out that the letter from his therapist indicated that he is not a fixated pedophile and at no risk of re-offending. In State v. Cook (1998), 83 Ohio St.3d 404, 425, the Ohio Supreme Court allowed a sexual predator determination to be made solely upon the contents of a pre-sentence investigation. Accordingly, we do not find the trial court erred when it made its finding based upon various exhibits contained in the record. In his fourth and fifth arguments, appellant contends Ohio's sexual predator statute violates the double jeopardy clause under the Ohio and United States Constitutions, violates his right to due process, and permits ex post facto application of a punitive statute. We have previously determined these arguments lack merit in State v. McIntyre (Feb. 1, 1999), Stark App. No. 1999CA00366, unreported; State v. Bair (Feb. 22, 1999), Stark App. No. 1997CA00232, unreported. Accordingly, we overrule appellant's First Assignment of Error as it pertains to the trial court's determination that appellant is a "sexual predator." We remand this matter to the trial court for the court to correct the July 26, 1999 judgment entry, in order to comply with the mandates of R.C. 2950.09(C).
 II
In his Second Assignment of Error, appellant contends he was denied effective assistance of counsel in preparing for his sexual predator hearing. We disagree. The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984), 466 U.S. 668. Ohio adopted this standard in the case of State v. Bradley (1989), 42 Ohio St.3d 136. These cases require a two-prong analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Id. at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the hearing is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the hearing would have been different. It is based on this standard that we review appellant's second assignment of error. Appellant has not set forth any evidence to satisfy the first prong of the Strickland test. There is no evidence that defense counsel's performance, at the sexual predator hearing, fell below an objective standard of reasonable representation and violative of any essential duties owed to appellant. The record does not support appellant's allegations that he did not have an opportunity to communicate with defense counsel prior to the hearing or that he had no opportunity to subpoena witnesses. Appellant's Second Assignment of Error is overruled.
 III
Appellant maintains, in his Third Assignment of Error, that Ohio's sexual predator law violates his right to privacy pursuant to Section 1, Article I of the Ohio Constitution. This court has previously found that the statute does not unconstitutionally infringe on any liberty interest protected by the constitutional right to privacy. State v. Smith (June 30, 1999), Perry App. No. CA98-2, unreported. Appellant's Third Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed in part and remanded for proceedings consistent with this opinion.
GWIN, P.J., and EDWARDS, J., CONCUR.